FILED
SUPERIOR COURT
OF GUAM
2018 MAR 30 PM 2: 17
CLERK OF COURT
By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **CRIMINAL CASE NO.: CF0141-18** |
| vs. | |
| DWAYNE EDWARD FEJERAN MATEO,<br>DOB: 10/17/1986 | |
| BRANDON JOSEPH FEJERAN MATEO,<br>DOB: 09/03/1995 | **DECISION AND ORDER**<br><br>**(Defendant Dwayne Edward Fejeran Mateo's Oral Motion for Release on Personal Recognizance)** |
| FRANCINE BONNIE MATEO,<br>DOB: 04/07/1985 | |
| JACINE SAN NICOLAS MATEO,<br>DOB: 12/07/1981 | |
| DANIEL THOMAS SANCHEZ,<br>DOB: 11/08/1988 | |
| DEFENDANTS. | |

CF0141-18 People of Guam v. Dwayne Edward Fejeran Mateo *et al.*
DECISION AND ORDER (re Defendant Dwayne Edward Fejeran Mateo's Oral Motion for
Release on Personal Recognizance)                                          Page 1 of 6

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 29, 2018 on Dwayne Edward Fejeran Mateo's ("Defendant") Oral Motion for Release on Personal Recognizance. Defendant appeared with counsel, Attorney Joaquin C. Arriola, Jr. Assistant Attorney General Rogelio G. Batarao Jr. appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court DENIED Defendant's motion in open court and on the record. The Court hereby issues the instant Decision and Order confirming the Court's decision. Thus the Defendant's request for release on personal recognizance is **DENIED**.

## BACKGROUND

On December 21, 2017 a Superior Court of Guam Grand Jury returned an Indictment against the several Defendants in this matter. The charges specific to the Defendant are **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony)**; and two (2) counts of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony)**.

Officers from the Guam Police Department Mandana Drug Task Force allegedly identified the Defendant as a distributor of the drug commonly known as 'ice.' Batarao Decl. Supp. Magistrate's Compl. 1 (Mar. 9, 2018). The Officers received information that the drugs were being distributed from the Defendant's residence at #226 Chalan Kilites in Astumbo, Dededo. Id. On March 6, 2018, officers executed a search warrant at #226 Chalan Kilites and located the Defendant and a codefendant at the residence. Id. Officers allegedly found a 'substantial' amount of U.S. currency, drug paraphernalia with suspected methamphetamine residue, and prescription pills. Id. Samples were taken from the paraphernalia and after being subjected to a field test, returned a presumptive positive reaction for the presence of methamphetamines. Id. The Pills found at the residence were also tested and identified as substances listed on Controlled Substance Schedule II. Id.

The Defendant also has another felony case pending before this Court. In CF0450-17, the Defendant is charged with **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony), ELUDING A POLICE OFFICER (As a Misdemeanor),** and **RECKLESS DRIVING (As a Petty Misdemeanor)**. Indictment in CF0450-17 (Aug. 15, 2017). In that case the Defendant was allegedly pulled over after running from the police. Brown Decl. Supp. Magistrate's Compl. in CF0450-17 (Aug. 5, 2017). Before pulling over, the People allege the Defendant tossed an item from his motorcycle. Id. Later inspection allegedly revealed the item tossed contained a loaded ice pipe, a syringe and bevel cut straw. Id. A field test was performed on the substance in the pipe and returned a presumptive positive reaction for the presence of a controlled substance. Id.

The Defendant was released from custody pending disposition of CF0450-17 on August 7, 2017. Order Conditional Release and Appearance Bond (Aug. 7, 2017). Several conditions were imposed on the Defendant during the period of release. The conditions relevant for the purpose of the instant motion are:

> "9. ALCOHOL/DRUGS: Defendant shall not possess, use, and or consume . . .
> illegal controlled substances. . . . Probation or the Police authorized [*sic*] to search
> Defendant's residence . . . or person for . . . illegal controlled substances. . .
> 14. **DEFENDANT SHALL OBEY ALL FEDERAL AND LOCAL LAWS,
> AND ABIDE BY ALL REASONABLE TERMS SET OUT BY PROBATION. .
> . ."**

Id. **(EMPHASIS IN ORIGINAL)**.

**DISCUSSION**

Under Guam Law, ". . . every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 GCA § 40.15(a) (2017). Section 40.15(b) provides, "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA §40.15(b). To determine

CF0141-18 People of Guam v. Dwayne Edward Fejeran Mateo *et al.*
DECISION AND ORDER (re Defendant Dwayne Edward Fejeran Mateo's Oral Motion for
Release on Personal Recognizance)                                    Page 3 of 6

whether there is a substantial risk of nonappearance or whether the person charged will endanger the safety of any other person or the community, Guam Law provides:

"(c) . . . the judge shall consider the following factors:
(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including: . . .
(E) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
(F) his/her history relating to drug or alcohol abuse; . . .
(H) whether, at the time of the current offense or arrest, he/she was on . . . other release pending trial . . .
(I) his/her history of compliance with Court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released; and
(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released."

8 GCA § 40.15.

Under Section 40.20,

"[w]here the judge determines that release of the person . . . will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or if no single condition gives that assurance, the least onerous combination of the following conditions:
(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
(b) placement of restrictions on the activities, movements, associations and residence of the person;
(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties . . .
. . . (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community."

8 GCA § 40.20. Finally, Section 40.50 of Title 8 provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing

continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50(a).

Here, the Defendant is charged with Possession of Controlled Substance with the Intent to Deliver, which is a first degree felony. The Defendant is also charged with a third degree felony possession charge, the second in less than a year. Further the Defendant is accused of distributing a controlled substance from his residence. The Court thus finds the seriousness of the charges factor cuts against the Defendant's release on personal recognizance.

Additionally, the Court notes the Defendant is accused of committing a crime while he was on pretrial release in another felony case. The conditions of release placed on the Defendant in CF0450-17 were clear, he should not use or possess illegal controlled substances. Further the conditions imposed also provided that the Defendant's home could be searched for illegal controlled substances. Implicit in these conditions was the requirement that Defendant should not have had illegal controlled substances in his home. Thus because the charges here arise from conduct in March of 2018, and the facts alleged establish violations of the Court's August 7, 2017 Order, the Court finds the history of compliance or noncompliance with court orders factor, and previous history of release on recognizance also cut against release on the Defendant's personal recognizance.

Finally, this is the Defendant's second possession of a controlled substance-related felony case in less than one year. Thus the Court finds the history of substance abuse factor similarly weighs against release on personal recognizance.

Therefore, the Court finds the Defendant poses a danger to the Community due to the seriousness of the charges brought against him in this and other cases. Further, the Court finds there is a substantial risk of nonappearance because the Defendant has demonstrated an inability to follow an order of the court by the filing of the charges in this case in violation of the conditions imposed on the Defendant in the Order of Conditional Release filed on August 7, 2017 in CF0450-17. The Court finds the danger the Defendant poses to the community and the substantial risk of nonappearance will not be sufficiently cured by release on personal recognizance with release conditions. Thus, the Defendant's Motion for Release on Personal Recognizance is **DENIED.**

CF0141-18 People of Guam v. Dwayne Edward Fejeran Mateo *et al.*
DECISION AND ORDER (re Defendant Dwayne Edward Fejeran Mateo's Oral Motion for                    Page 5 of 6
Release on Personal Recognizance)

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** the Defendant's Oral Motion for release on personal recognizance.

SO ORDERED ___3/30/18___.

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

MAR 30 2018
Date:_____ Time: 2:30 pm

Deputy Clerk, Superior Court of Guam